PER CURIAM:
On July 20, 1986, at approximately 7:45 p.m., claimant Sheryl Kushner was operating her 1982 Cutlass Cierra on Route 21/38 about 1.4 miles from the Goldtown Exit on Route 21.38 when her vehicle became stuck in gravel and incurred damage in the amount of $177.75. Claimant Sheryl Kushner originally filed the claim in her own name against the West Virginia State Department of Highways. However, the record reflects that the vehicle is titled in the name of both John R. Kushner and Sheryl Kushner. The Court, upon its own motion, amended the style to include John R. Kushner as a party claimant and the Department of Highways as the proper respondent.
Claimant Sheryl Kushner testified that she was alone in the vehicle at the time of the incident. As she was negotiating the turn onto Route 21/38, the vehicle sunk into the gravel on the road. She was travelling at approximately 20 miles per hour. The gravel extended across the blacktop road which is about 30 feet wide. She stated that heavy equipment had been hauled through his area. Her entire vehicle went into the gravel, and the impact stopped its movement. She contacted respondent's office at Ripley and was informed that respondent had been using Route 21/38 to haul heavy equipment to a dam site. She had driven in this area two weeks previous to this incident, but had not experienced any problems.
Mr. Jackie L. Rhodes, son-in-law of the claimants, testified that he travelled the area on the Friday before claimant's Sunday accident. At that time, he observed respondent's crews working. There were no markings, barricades or identification of the holes. On Sunday evening, the condition of the roadway was essentially the same, but the edges of the road had been graded.
Mr. Dale Casto, respondent's County Maintenance Supervisor for Jackson County, testified that a federal dam was being erected in this location and suppliers of material for that project were using the road in question. Route 21/38 was affected in that its base was lost in a number of spots. The respondent was in this area doing repairs on the road on the 15th and 16th. He was not aware of any complaints until Mr. Rhodes informed him of this incident.
It is the opinion of the Court that respondent was negligent in failing to warn the travelling public of a hazardous condition. See: Smith vs. Dept. of Highways, CC-85-320 (April 30, 1986). The Court therefore makes an award to claimant in the amount of $177.75.
Award of $177.75.